UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>SCOTT R. CHAPMAN,   )<br>Defendant   ) | 2004M0404RBC<br><br>Criminal No. _____ |

### AFFIDAVIT IN SUPPORT OF RULE 40 PROCEEDING

I, Kevin Donahue, Deputy United States Marshall, do hereby make oath before the Honorable Robert B. Collings, United States Magistrate Judge for the District of Massachusetts, that upon knowledge coming to me in connection with my official duties and as part of the official records of my office, I am advised that there is presently outstanding a warrant of arrest for one SCOTT R. CHAPMAN on a Violation of Supervised Release filed in the District of Maine charging the defendant with violating his supervised release conditions, and I do hereby make oath that this warrant of arrest is outstanding in said District on the basis of the information set out above. A copy of said warrant is attached.

_____
Kevin Donahue
Deputy U. S. Marshal
United States Marshals Service

Subscribed and sworn to before me this 5th day of January, 2004.

_____
Robert B. Collings
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

SCOTT R. CHAPMAN

WARRANT OF ARREST

CASE NUMBER: 00cr9pc

TO: The United States Marshal and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest SCOTT R. CHAPMAN and bring him or her forthwith to the nearest magistrate to answer a Petition on Supervised Release charging him or her with:

Violation of Conditions of Supervised Release in violation of Title 18 United States Code, Section 3606

Susan L. Hall
Name of Issuing Officer

Deputy Clerk
Title of Issuing Officer

*[signature: Susan L. Hall]*
Signature of Issuing Officer

November 24, 2003 - Portland, ME
Date and Location

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

A TRUE COPY
ATTEST: William S. Brownell, Clerk
By_____

## United States District Court
## for the District of Maine
### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Scott R. Chapman          **Case Number:** 2:00-CR-09-P-C

**Name of Sentencing Judicial Officer:** Hon. Gene Carter, Senior U.S. District Judge

**Date of Original Sentence:** May 10, 2000

**Original Offense:** Bank Fraud

**Original Sentence:** Thirty two (32) Months to the Bureau of Prisons

**Type of Supervision:** Five (5) Year Term of Supervised Release          **Date Supervision Commenced:** October 20, 2003

**Asst. U.S. Attorney:** Helene Kazanjian, Esq.          **Defense Attorney:** Neal Stillman, Esq.

### PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation Number**     **Nature of Noncompliance**

One     **The defendant did violate Standard Condition No. 6: The defendant shall notify the probation officer ten days prior to any change in residence or employment.**

Upon his return to the District of Maine, the defendant initially has been staying at the YMCA in Portland, Maine. George Files, the defendant's employer was contacted telephonically on November 19, 2003. This officer told him that the defendant had not been responding to this officer's messages that had been left at the YMCA. Mr. Files said the defendant was no longer living at the YMCA and has been staying at the work site located on the corner of Dana and Commercial Street in Portland, Maine since November 18, 2003. This officer told his employer that the defendant needed to report to the U.S. Probation Office that same day. The employer said that he would bring the defendant to the U.S. Probation Office at 3:00 p.m. but they failed to show. On November 20, 2003, this officer attempted to make contact with the defendant at his place of employment/living quarters. This officer again spoke to Mr. Files. Mr. Files said he had spoken to the defendant earlier on November 19, 2003 about bringing the defendant to the U.S. Probation Office for the 3:00 p.m. appointment. Files said he went to pick up a load of lumber and when he returned around 2:00 p.m. the defendant was nowhere to be found. He informed this officer that he has neither seen nor heard from the defendant since then. The defendant failed to notify the U.S. Probation Office of any changes of addresses and his whereabouts are currently unknown.

- 2 -

Petition for Warrant or Summons
for Offender Under Supervision

Two         The defendant did violate Standard Condition No. 5: The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

On November 20, 2003, the defendant's employer, George Files, informed his officer the defendant left the job around 2:00 p.m. on November 19, 2003 and never returned.

Three       The defendant did violate Special Condition No. 2 : The Defendant shall fully abstain from use or possession of all contraband substances and intoxicants during the period of his Supervised Release and shall participate in a program of drug and alcohol abuse therapy to the satisfaction of his supervising officer during the period of his supervised release, which may include testing to determine whether the Defendant has made any use of drugs or intoxicants. Defendant shall pay/co-pay for services provided during the course of such treatment, to the supervising officer's satisfaction. The Defendant shall submit to one (1) drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic tests thereafter, as directed by the supervising officer.

On October 29, 2003, the defendant was given in hand a letter with instructions for urinalysis testing, and the procedure was explained to him by this officer. The defendant failed to show for scheduled testing on November 14, 2003 and November 18, 2003. Though not being alleged as a violation, the Court should also be aware that on October 20, 2003, the defendant was released to Supervised Release. On October 21, 2003, the defendant reported to the District of Massachusetts and was tested for drug use. The resulting test indicated a positive test for marijuana. When confronted by the District of Massachusetts U.S. Probation Officer, the defendant claimed his last use of marijuana was on or about September 28, 2003.

Received   Jan-05-2004  13:59       From-617 748 2579       To-       Page 005

- 3 -

Petition for Warrant or Summons
for Offender Under Supervision

**U.S. Probation Officer Recommendation:**

The term of supervision should be:
    [X]    Revoked
    [ ]    Extended for year(s), for a total term of years.

[ ]    The conditions of supervision should be modified as follows:

Respectfully submitted,

by _____
DANIEL P. KELLY
U.S. Probation Officer
Date: 11/20/03

Reviewed:

_____
JULIE MORSE
Supervising U.S. Probation Officer

November 21, 2003
Date

---

**THE COURT ORDERS**
[ ]    No Action
[X]    The Issuance of a Warrant / Matter Sealed Pending Arrest
[ ]    The Issuance of a Summons
[ ]    Other

_____
Signature of Judicial Officer

11/24/03
Date

A TRUE COPY
ATTEST: William S. Brownell, Clerk